IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES CUNNINGHAM,

                Plaintiff,

v.

NANCY GARCIA, JEFFREY MANLOVE,
NANCY WHITE, CHERYL JEANPIERRE,
and BRIAN TAPLIN,

                Defendants.

OPINION AND ORDER

17-cv-687-wmc

---

*Pro se* plaintiff Charles Cunningham is proceeding against defendants Nancy Garcia, Jeffrey Manlove, Nancy White, Cheryl Jeanpierre and Brian Taplin on an Eighth Amendment deliberate indifference claim based on defendants treating plaintiff with NSAIDs despite their knowledge that he should not receive such medications. Originally, the court granted leave for Cunningham to proceed only against Nancy Garcia; more recently, the court granted Cunningham leave to amend his complaint to add the additional defendants. Those defendants, however, have not answered the complaint yet. Before the court is defendant Nancy Garcia's motion to dismiss for improper venue or transfer venue to the Eastern District of Wisconsin. (Dkt. #29.) Since venue in this district court is improper, the court will grant Garcia's motion and transfer this case to the Eastern District of Wisconsin.

OPINION

Venue is proper where defendants to a lawsuit reside or where the events giving rise to the claim took place. 28 U.S.C. § 1391(b). "The district court of a district in which is

filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Neither defendant Garcia nor any of the newly-named defendants reside in the Western District of Wisconsin. (Pusich, Salinas and White Decls. (dkt. ##30-32).) Moreover, the events giving rise to Cunningham's complaint occurred at Waupun Correctional Institution in Waupun, Wisconsin. Waupun, Wisconsin is located in Dodge County and Fond du Lac County, both of which are in the Eastern District of Wisconsin. 28 U.S.C. § 130(a).

Cunningham opposes the motion on the basis that the defendants, all health care providers, work for the Wisconsin Division of Adult Institutions, a division of the Department of Corrections, with its main office located in Madison, Wisconsin, which is located in the Western District of Wisconsin. In support of this argument, Cunningham directs the court to *Taylor v. White*, 132 F.R.D. 636, 641 (E.D. Pa. 1990), in which the court held that a place where a state official maintains his official office, for venue purposes, is not limited to the state capital. In other words, a regional office, not located in the district where the state capital is located, could provide a basis for venue. Here, however, defendants do not work in the central DOC office in Madison; instead, they all provided care to Cunningham at Waupun.

Finding venue improper in the Western District of Wisconsin, the court further concludes that transfer, rather than dismissal, serves the interest of justice. Therefore, the court will grant defendant Garcia's motion and transfer this case to the Eastern District of

Wisconsin.

ORDER

IT IS ORDERED that:

1. Defendant Nancy Garcia's motion to dismiss or transfer venue (dkt. #29) is GRANTED.

2. This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 10th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge