UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES CUNNINGHAM,

          Plaintiff,

          v.                                                      Case No. 20-cv-0050-bhl

CHERYL JEANPIERRE,

          Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Charles Cunningham, who is serving a state prison sentence at the Redgranite Correctional Institution and is representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Waupun Correctional Institution. On October 23, 2020, Defendant Cheryl Jeanpierre moved for summary judgment on the ground that Cunningham failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 70. The Court will grant the motion and dismiss this case.

## BACKGROUND

      Cunningham is proceeding against Defendant on a claim of deliberate indifference based on his allegations that, on January 4, 2019, she prescribed ibuprofen—a nonsteroidal anti-inflammatory drug (NSAID)—to treat his knee pain despite knowing he should not be prescribed NSAIDs. Dkt. No. 81 at ¶¶1-5. According to Cunningham's inmate complaint history report, Cunningham did not file any inmate grievances against Defendant or any other health care provider regarding a January 2019 ibuprofen or NSAID prescription. *Id.* at ¶13.

According to Cunningham, he filed an inmate grievance on November 12, 2016, regarding a health care provider prescribing him NSAIDs despite his medical records stating that NSAIDs should not be prescribed. *Id.* at ¶¶13, 15. Defendant began working as a physician at the Waupun Correctional Institution in May 2018, a year and a half after Cunningham filed his 2016 inmate grievance. *Id.* at ¶10.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act (PLRA), which applies to this case because Cunningham was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action

2

under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Defendant asserts that the Court must dismiss this case because Cunningham failed to exhaust the available administrative remedies before he initiated this lawsuit. Cunningham concedes that he did not file an inmate grievance regarding Defendant prescribing him an NSAID in January 2019, but he asserts that his failure to do so does not require dismissal of his case because (1) he filed an inmate grievance in 2016 that raised the issue of an improper NSAID prescription; and (2) he raised his concerns to the health services department and to his primary health care provider. Neither argument has merit.

First, Cunningham's 2016 inmate grievance complains about a *different* health care provider prescribing a *different* NSAID. The inmate grievance does not involve Defendant or her 2019 prescription for ibuprofen. Nor could it—Defendant did not even begin working at Cunningham's institution until a year and a half later. Because Cunningham's 2016 inmate grievance did not give the prison notice of the claim at issue in this case, Cunningham cannot rely on it as evidence that he exhausted his claim against Defendant. *See Schilinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020).

Next, Cunningham's argument that raising his concerns with health services and with his primary health care provider was sufficient to exhaust fails because it has long been settled that

3

inmates must file their complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Wisconsin law requires inmates to utilize the inmate complaint review system to challenge issues regarding "department policies, rules, living conditions, or employee actions that personally affect the inmate." Wis. Admin Code § DOC 310.06(1). And the Seventh Circuit has held that "complaints about medical treatment in prison are complaints about 'prison conditions,'" and has noted that "Wisconsin offers administrative remedies for deficient medical care." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534 (7th Cir. 1999). Thus, the exhaustion requirement outlined in the Wisconsin Administrative Code applies to Cunningham.

The fact that health services may have known about his concerns does not excuse his non-compliance with the exhaustion requirement. "The administrative exhaustion requirement is about more than simply putting officials on notice of inmate grievances; it gives prison officials an opportunity 'to take corrective action without first incurring the hassle and expense of litigation.'" *Saddler v. Hewitt*, No. 19-cv-81, 2020 WL 3833108, at *3 (W.D. Wis. July 8, 2020). Because Cunningham failed to give prison officials an opportunity to resolve his concerns administratively, he failed to comply with the exhaustion requirement. Defendant is entitled to summary judgment.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 70) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of January, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge

This order and the judgment to follow are final.  Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment.  *See* Fed. R. App. P. 3, 4.  This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline.  *See* Fed. R. App. P. 4(a)(5)(A).  If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome.  If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court.  *See* Fed. R. App. P. 24(a)(1).  Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious.  *See* 28 U.S.C. §1915(g).  If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury.  *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b).  Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment.  Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment.  The Court cannot extend these deadlines.  *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.